FILED
CLERK
12:45 pm, Jul 14, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT ROGER JERMAINE ELLIS GOLDSMITH,

              Petitioner,

  -against-                               **MEMORANDUM AND ORDER**

                                            15-CV-5801 (GRB)(SJB)

JOSEPH T. SMITH,

              Respondent.
-------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

Petitioner Robert Roger Jermaine Ellis Goldsmith ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for firearms possession offenses in the Supreme Court of the State of New York, Kings County (the "trial court"). On this petition, Petitioner raises various grounds as follows:

- Insufficiency of the evidence;

- Jury selection improprieties arising from a reverse-*Batson* challenge;

- Improper admission of post-arrest statements obtained due to absence of probable cause to arrest and alleged violation of right to counsel;

- Involuntarily coercion of statements through use of force;

- Denial of severance from co-defendants;

- Excessive involvement in questioning by the trial judge;

- Jury instructions which included the "automobile presumption";

- Excessive sentence following the consideration of victim impact statements from acquitted conduct; and

1

- The admission of prior bad act evidence for identification purposes.

Docket Entry ("DE") 1. Because each of these claims is procedurally barred and/or substantively without merit, and none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition must be denied.

## I. FACTUAL BACKGROUND

A review of the petition, filings by the Respondent and the state court record reveals that the Petitioner was charged by indictment with several offenses arising from an incident in which petitioner was subject to a traffic stop while in a stolen BMW on which he had switched the license plates. *See* DE 1, 7, 13, 15. Tragically, two codefendants (but *not* the petitioner) exited the vehicle, armed with handguns, and opened fire upon the police officers, killing one and seriously injuring a second. DE 7 at ¶ 5. The petitioner and his codefendants fled the scene. *Id.* After a manhunt lasting several days, the petitioner was arrested in Pennsylvania and returned to New York, where a grand jury returned an indictment against petitioner charging him with, *inter alia*, homicide, attempted homicide and firearms possession violations. *Id.* ¶¶ 8, 10.

While in Pennsylvania, petitioner made post-arrest statements which – as discussed herein – cannot be challenged in this context and the substance of which belies any assertion that the convictions constitute a miscarriage of justice. Those statements include admissions by the petitioner relating to his stealing and swapping the license plates on the BMW, his awareness of two of the three firearms in the BMW and that he and his co-defendants – at least one of whom he knew from jail – were discussing committing a robbery and that he was aware that the guns would be used to do so. *See generally* DE 7-6 at 9-54.

That video confession was the subject of a suppression hearing at which the petitioner challenged voluntariness as well as Sixth Amendment right to counsel issues. DE 7 at ¶¶ 11, 24; DE 7-6 at 8-54. Prior to providing those statements, petitioner had signed a Miranda waiver as well as a document disavowing knowing, or being represented by, two attorneys apparently hired by his family or, for that matter, any other attorney. DE 7-6 at 5, 7. Furthermore, the content of the video confession, which was taken by an assistant district attorney in Pennsylvania, included reiteration of the waiver of rights. *Id.* at 9-10.

At a joint trial, the prosecution introduced evidence including the subject video confession as well as the testimony of an eyewitness who saw petitioner in the BMW with a handgun. DE 7 at ¶¶ 11-12. Petitioner was convicted by a jury of the firearms charges but acquitted of the homicide charges. *Id.* ¶ 13. Following the conviction, based on his status as a violent felony offender, petitioner was sentenced to three concurrent terms of fifteen years, to be followed by five years of probation. *Id.* ¶ 14.

The petitioner pursued an appeal in the state court system, during which procedure the Appellate Division affirmed the judgement of conviction. *People v. Ellis*, 117 A.D. 3d 843 (2d Dep't 2014), *leave to appeal denied*, 24 N.Y.3d 1002 (2014). The Appellate Division held that petitioner's claim of evidentiary insufficiency had not been properly preserved for appellate review, but that, in any event, even after conducting an independent review of the evidence, the claim proved meritless. *Id.* at 844. Further, the Appellate Division determined that the video confession was obtained in violation of the "indelible right to counsel" as defined by state law – finding that here, the retention of a lawyer by the petitioner's family precluded interrogation. *Id.* at 844-45. However, the Appellate Division held that "the admission of the defendant's statements at trial was harmless beyond a reasonable doubt, as there is no reasonable possibility that the error

affected the jury's verdict." *Id.* at 845. Moreover, the Appellate Division reviewed and affirmed the trial court's application of *Batson* to revoke defense counsel's exercise of a preemptory challenge. *Id.*

## II. DISCUSSION

### A. Standard of Review

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

### B. The Instant Petition

As noted, petitioner seeks habeas relief on the grounds summarized above. Even attributing the petition the solicitous treatment afforded to *pro se* pleadings, none of the grounds supports habeas relief, and most bear little discussion. Some are rooted in state law rights that are simply not cognizable on a habeas petition and/or were denied based upon an independent and

adequate state law ground, including claims regarding jury instruction issues[1], the New York "indelible right to counsel" questions,[2] evidentiary rulings[3] and *Batson* errors made in good faith.[4] To the extent that factually-based claims were fully considered by the state court, such determinations must be given deference by this Court under the AEDPA. *Ellis*, 117 A.D. 3d at 844. Petitioner cannot proceed on claims that were not fully exhausted and hence are subject to the procedural bar, as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's challenge to the sufficiency of the evidence fails to meet the "doubly deferential" standard applied to the determinations of the jury and the state courts.[5] And challenges

---

[1] *Cupp v. Naughten*, 414 U.S. 141, 146-67 (1973) (jury instruction argument in habeas petitions generally rooted in state law).

[2] The parameters of right to counsel under state law – *see People v. Hobson*, 39 N.Y.2d 479, 483 (1976) (discussing right to counsel rule "grounded in this State's constitutional and statutory guarantees") – are not coextensive with the rights under the Fifth and Sixth Amendment of the U.S. Constitution and cannot form the basis of a habeas petition. *See Licausi*, 460 F. Supp. 3d at 262 ("[T]he violation of the indelible right of counsel under the New York State Constitution" is not a "bas[is] for federal habeas relief" as such relief "does not lie for errors of state law"); *see also Kirby v. Senkowski*, 141 F. Supp. 2d 383, 398 n.7 (S.D.N.Y. 2001), *aff'd*, 61 F. App'x 765 (2d Cir. 2003) ("[S]tate law claims, including New York 'indelible right to counsel' claims, are not cognizable on habeas.").

[3] "Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011) (citing *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir.2006)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Such claims do not constitute issues of constitutional magnitude unless the evidentiary error was "so pervasive as to have denied [petitioner] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

[4] *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("Because peremptory challenges are within the States' province to grant or withhold, the mistaken denial of a state-provided peremptory challenge does not, without more, violate the Federal Constitution."). In this case, after the defense had challenged a series of prospective jurors from a single demographic group, the trial judge denied several reverse-*Batson* challenges and granted one. DE 7-1 at 883-97. While perhaps not flawless, the transcript reveals a good faith effort to vigilantly apply the caselaw.

[5] "When a federal habeas petition challenges the sufficiency of the evidence to support a state-court conviction, AEDPA establishes a standard that is 'twice-deferential.'" *Santone v. Fischer*, 689 F.3d 138, 148 (2d Cir. 2012). "A state court directly reviewing a jury verdict of guilty must, consistent with United States Supreme Court precedent, view the evidence in the light most favorable to the prosecution and must not uphold a challenge to the sufficiency of the evidence if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. And the federal court in a habeas proceeding may not ... overturn the state-court decision rejecting a sufficiency challenge ... unless the decision was objectively unreasonable." *Id.* (quotations and citations omitted). "In sum, *Jackson* [*v. Virginia*, 443 U.S. 307 (1979)] leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts,

based on purported excessive sentences fail on habeas review provided such sentence is within the statutory range.[6]

Of particular note is the Appellate Division's determination regarding the admission of the video confession. As noted, the violation of petitioner's right to counsel as measured against the state standard for such determinations is not actionable in this context. Even if it were, though, given that there was independent witness testimony and other evidence linking the petitioner to the handguns in the vehicle, the Appellate Division's determination that the error was harmless because the remaining evidence in the case proves sufficient cannot be disturbed.

Thus, the petition is denied in its entirety.

### III. CONCLUSION

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that she was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). The undersigned certifies that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

and on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Id.* (alterations omitted).

[6] "It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." *Cardova v. Lavalley*, 123 F. Supp. 3d 387, 398 (E.D.N.Y. 2015); *see also Dixon v. Lee*, No. 14-CV-7162 (SLT), 2017 WL 4402439, at *9 (E.D.N.Y. Sept. 29, 2017) (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: July 14, 2021
Central Islip, New York

 /s/Gary R. Brown
HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE